UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 6:19-CR-010-CHB-07 |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OPINION AND** |
| PEGGY J. HOSKINS, ) | **ORDER DENYING MOTION FOR** |
| ) | **COMPASSIONATE RELEASE** |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Defendant Peggy J. Hoskins's *pro se* Motion for Compassionate Release. [R. 348] The United States has responded in opposition. [R. 350] Defendant did not file a reply, and the matter is ripe for review. For the reasons stated herein, Defendant's Motion is denied.

### I. Background

On December 20, 2019, Ms. Hoskins pleaded guilty to one count of conspiracy to distribute 50 grams or more of a substance containing a detectable amount of methamphetamine. [R. 227; R. 228; R. 229; R. 231]. She was sentenced to 68 months imprisonment (below the low end of her Guideline range) to be followed by 5 years of supervised release. [R. 293]. She is currently serving her sentence at the Federal Prison Camp at Alderson, West Virginia. [R. 348. On June 28, 2021, Defendant filed her motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A), known as "compassionate release," in light of the COVID-19 pandemic and related to family circumstances. [R. 348].

## II. Legal Standard

The compassionate-release statute allows the Court to reduce the term of imprisonment and impose a term of probation or supervised release under certain narrow circumstances. Section 3582(c) provides that:

> The court ***may not*** modify a term of imprisonment once it has been imposed ***except that***—
>
> (1) In any case—
>
> (A) ***the court***, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, ***may reduce the term of imprisonment*** (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), ***after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that***—
>
> > (i) extraordinary and compelling reasons warrant such a reduction . . .
> >
> > ***and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.***

18 U.S.C. § 3582(c)(1)(A) (emphasis added). Prior to the First Step Act of 2018 (FSA), Pub. L. No. 115-391, 132 Stat. 5194, only the director of the Bureau of Prisons (BOP) could move for a sentence reduction under section 3582(c). 18 U.S.C. § 3582(c)(1)(A) (2017); *United States v. Jones,* 980 F.3d 1098, 1104 (6th Cir. 2020). However, under the FSA, courts may now consider motions by defendants so long as the defendant satisfied the statute's exhaustion requirement— that is, "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Exhaustion by one of the two means listed is a "mandatory condition" to

the Court granting compassionate release. *United States v. Alam*, 960 F.3d 831, 833−35 (6th Cir. 2020). If the government "properly invoke[s]" the condition, the Court must enforce it. *Id.* at 834.

Upon satisfying the exhaustion requirement (or upon waiver by the government of this requirement), the statute requires the Court to undertake a three-step test in reviewing compassionate-release motions. *Jones*, 980 F.3d at 1107–08. At step one, the Court must "find" whether "extraordinary and compelling reasons" warrant a sentence reduction. *Id.*; 18 U.S.C. § 3582(c)(1)(A)(i). At step two, the Court must "find" whether a reduction in the sentence is "consistent with applicable policy statements issued by the Sentencing Commission." *Id*. at 1108; 18 U.S.C. § 3582(c)(1)(A)(i). At step three, the Court must "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case." *Jones*, 980 F.3d at 1108 (quoting *Dillon v. United States*, 560 U.S. 817, 827 (2010)). In reference to step two, the Sentencing Commission in 2006 issued its policy statement in § 1B1.13 of the United States Sentencing Guidelines and the application notes to that section. *See* 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13 (2006). However, because this policy statement has not been updated since passage of the First Step Act in December 2018, the Sixth Circuit recently held that § 1B1.13 is inapplicable to compassionate-release motions filed by the prisoner (as opposed to motions filed by the Director of the Bureau of Prisons). *Jones*, 980 F.3d at 1109–11; *see also United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021). Consequently, in cases like this one, where the defendant files a motion for compassionate release, "federal judges may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13." *Jones*, 980 F.3d at 1111. Further, "district courts may

deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *Elias*, 984 F.3d at 519. Of course, when granting a compassionate-release motion, the district court must address all three steps in its analysis. *Id.* The defendant bears the burden of establishing a sentence reduction is warranted. *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013).

With these standards in mind, the Court will now turn to the substance of Defendant's Motion.

### III. Discussion

#### A. Extraordinary and Compelling Reasons

As an initial matter, the Court will first address whether Defendant has satisfied the administrative exhaustion requirement. *Alam*, 960 F.3d at 833−35. Ms. Hoskins requested compassionate release from the FPC Alderson warden, and the request was denied on March 8, 2021. [R. 348-1, p. 5] The Motion is timely and properly before the Court. *Alam*, 960 F.3d at 833−35.

The Court next considers whether the Defendant meets the substantive requirements for compassionate release as outlined by the Sixth Circuit in *Jones*. At step one, the Court must find that "extraordinary and compelling reasons" warrant a sentence reduction. § 3582(c)(1)(A)(i); *Jones*, 980 F.3d at 1107–08. The statute does not define "extraordinary and compelling" and, as mentioned above, the *Jones* Court recently held that the Sentencing Commission's policy statement in U.S.S.G. § 1B1.13 is inapplicable. *Jones*, 980 F.3d at 1111. Consequently, until the Sentencing Commission updates § 1B1.13 post–First Step Act, "district courts have full discretion in the interim to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion." *Id.* at 1110.

In her Motion, Defendant argues for compassionate release due to "severely declining family circumstances, and because of the Defendant's medical conditions and age." [R. 348, p. 1]. She outlines several health conditions, some of which place her at increased risk of complications should she contract COVID-19, including hypertension, anxiety/major depressive disorder, PTSD, chronic pain syndrome, and the fact that she is a long-time smoker. [R. 348, pp. 2-6]. She also argues for release based on family circumstances, including the recent death of two siblings, her ailing 86-year old mother who needs a full-time caregiver, and the declining health of her younger brother who is not capable of providing full-time care for their mother. *Id.* at 6-7. She also cites to the conditions of confinement at FPC Alderson. *Id.* at 7-11.

The Court is deeply sympathetic to Defendant's physical and mental health issues, as well as the difficult family circumstances involving her mother and various siblings. Still, even if Defendant met the first step of the compassionate-release test—that is, if the Court found "extraordinary and compelling" circumstances based on her health issues and family circumstances, the COVID-19 pandemic, and the conditions at FPC Alderson—the Court finds that the § 3553(a) factors (Step 3) do not warrant a sentence reduction under the particular circumstances of this case.

B. **Balancing Under § 3553(a)**

The Court has thoroughly reviewed the briefs and the factual record in this case in light of the § 3553(a) sentencing factors (and their purpose), which include in part: the nature and circumstances of the offense; the Defendant's history and characteristics; and the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford deterrence, protect the public from further crimes, and avoid unwarranted sentencing disparities. § 3553(a)(1)–(7); *see also Jones*, 980 F.3d at 1112–16 (discussing the

district court's obligation to weigh the § 3553(a) factors and provide specific factual reasons for its decision that furnish a thorough factual record for review). This Court need not "specifically articulat[e]" every single § 3553(a) factor as part of its analysis. *Jones*, 980 F.3d at 1114. Rather, the record "as a whole" (the original sentencing proceeding and the modification proceeding) must confirm the district court considered the "pertinent" factors. *Id.* at 1115. This Court has thoroughly reviewed the sentencing proceedings in this case, along with the parties' arguments and submissions related to the current Motion and is convinced that release is not warranted under the statutory factors.

First, the "nature and circumstances of the offense" weigh against release. § 3553(a)(1). Defendant participated in a sizable drug conspiracy involving a significant amount of methamphetamine (in excess of 350 grams of methamphetamine), one of the most destructive and addictive drugs. [Presentence Report (PSR), pp. 5-7; R. 227]. As to Defendant's "history and characteristics," she scored a criminal history V at the time of sentencing, the second-highest category, having two prior felony convictions for manufacturing methamphetamine. [PSR, p. 10]. The Court took into consideration the substantial mitigating factors in defendant's personal history -- her age, family support, trauma suffered earlier in life, her long-term addiction without the benefit of drug treatment, the lack of violence, and her relatively low-level role in the conspiracy. That is, the Court took into consideration Defendant's mitigating factors, including many of the factors argued in her Motion, in fashioning a fair and just sentence.

Turning to the other factors, the Court sentenced Ms. Hoskins to 68 months imprisonment, well below her Guideline range of 100-125 months. [PSR, p. 17] Release at this point would not "reflect the seriousness of the offense, []promote respect for the law, and []provide just punishment for the offense." § 3553(a)(2). Indeed, granting the relief requested

would undercut the dual goals of promoting respect for the law and providing just punishment. The Court thoroughly reviewed all the § 3553(a) factors at Defendant's original sentencing hearing and has done so again. The same factors that warranted a sentence of 68 months weigh against a further sentence reduction. Further, the Court carefully considered the mitigating factors in Ms. Hoskins's background and sentenced her to a below-Guideline sentence. But release at this point would fail to honor the statutory factors.

The Court would be remiss if it did not comment on Ms. Hoskins's significant and impressive efforts toward rehabilitation during incarceration. She notes she "has utilized her time well, taking numerous programs/classes to prepare herself for re-entry to society," and taken "classes to help her to be a better mother, grandmother, daughter, sister, and caregiver for her family." [R. 348, p. 2]. Further, she has "maintained perfect conduct; never lost any good time, works every day, and receives excellent work reports." *Id.* The Court commends Ms. Hoskins for her wise and fruitful efforts to prepare herself for a productive, law-abiding and purposeful future. Even so, in light of the substantially below-Guideline sentence the Court imposed, and upon consideration of *all* the § 3553(a) sentencing factors, release is not warranted.

Accordingly, and the Court being otherwise sufficiently advised, **IT IS HEREBY ORDERED** that Defendant Peggy Hoskins's Motion for Compassionate Release [**R. 348**] is **DENIED**.

This the 2nd day of November, 2021.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF KENTUCKY